# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LEE H. PURDY ) | CASE NO. 12-11592(1)(12) |
| ) | |
| Debtor(s) ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Vacate this Court's Order entered January 24, 2013 filed by creditor Mike Hatcher ("Hatcher"). The Court considered the Motion to Vacate of Hatcher, the Response to that Motion of Debtor Lee Purdy ("Debtor"), the testimony of the witnesses at the hearing held on April 22, 2013, the testimony at the original hearing on the Motion for Contempt held on January 22, 2013 and the arguments of counsel for the parties. For the following reasons, the Court will deny the Motion to Vacate by the accompanying Order.

## FACTS

On January 24, 2013, this Court entered an Order finding Hatcher in contempt of Court based on his willful violation of the automatic stay of 11 U.S.C. §362. Based upon the evidence and testimony at the hearing held on January 22, 2013, the Court awarded actual damages in the amount of $18,568 composed of the following: $1,200 in attorney's fees, $2,818 in lost milk proceeds, $1,550 for one cow and $13,000 based on lost milk production due to weight loss of the cows caused by the movement of the cows to and from the dairy farm and $5,000 in punitive damages. Neither Hatcher nor his counsel attended the hearing erroneously believing it had been continued, although no order was ever entered by this Court continuing the hearing.

The Court held an evidentiary hearing on Hatcher's Motion to Vacate the January 22, 2013 Order. Hatcher, his attorney Elmer George, Hatcher's accountant, Dana Hearon, and Debtor's employee, Frankie Shelton, testified at the hearing. The Court considered the entire record and determines that there is no basis to amend and/or vacate the Order of January 22, 2013.

On June 24, 2012, Hatcher sold 84 head of dairy cattle to Debtor for $1,550 per head. Debtor was to pay for the cattle at the rate of $20,000 per month by way of milk assignment. Debtor made two of the required payments by milk assignment and then terminated the milk assignment. Debtor and Hatcher met and Debtor paid the next month's payment by check.

On November 29, 2012, Debtor filed his Voluntary Petition seeking relief under Chapter 12 of the United States Bankruptcy Code.

On November 30, 2012, Hatcher, after hearing that Debtor was having financial difficulties, went to Debtor's dairy farm and removed 45 head of dairy cows from Debtor's dairy operation. Hatcher testified that on November 30, 2012, he was unaware that Debtor had filed bankruptcy. However, he learned that Debtor had filed for bankruptcy protection the next week.

On December 6, 2012, Hatcher went to Debtor's farm with Debtor's counsel and representatives of several of Debtor's creditors to count the number of head of cattle on the property. There is no dispute that Hatcher was aware of Debtor's bankruptcy filing on that date.

On December 11, 2012, Debtor filed his Motion for Contempt against Hatcher. Upon receipt of the Motion, Hatcher contacted his counsel and met with his counsel on December 20, 2012. At that meeting Hatcher was advised to return the cattle.

On December 21, 2012, Hatcher returned 40 head of cattle to Debtor's dairy farm. Later that same day, Hatcher returned two more cows. The remaining three cows removed by Hatcher had previously been sold by Hatcher.

Based on the calculations in Debtor's Motion for Contempt, Hatcher paid the Debtor $8,200 for the three cows that he had sold and damages representing lost milk proceeds. Hatcher also paid Debtor's attorney's fees in the amount of $2,800. Hatcher failed to rebut Debtor's testimony that he lost $13,000 in lost milk production due to weight loss sustained by the cows caused by repeated movement of the cattle in December. Hatcher testified that he was aware that milk production of dairy cows was affected by their movement but did not know the extent of the damage caused by movement of the cows.

It is clear from the record that Hatcher had notice of Debtor's bankruptcy filing for nearly three weeks before he ultimately returned the cattle to Debtor's farm on December 21, 2012. By that time, Debtor had sustained the damages referenced herein. Based upon the willful violation of the stay, the Court upholds the award of punitive damages and the actual damages awarded in the Court's original ruling on Debtor's Motion for Contempt. Hatcher will be given a credit of $11,000 for amounts previously paid.

## CONCLUSION

For all of the above reasons, the Court will deny the Motion to Vacate the Order entered January 25, 2013. An Order accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 29, 2013

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

IN RE: )
)
LEE H. PURDY ) CASE NO. 12-11592(1)(12)
)
Debtor(s) )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Vacate the Order of January 24, 2013 filed by Creditor Mike Hatcher, be and hereby is, **DENIED**. Hatcher is given a credit of $11,000 for amounts previously paid toward the amounts awarded to Debtor Lee Purdy in the January 24, 2013 Order.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 29, 2013