# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LEE H. PURDY ) | CASE NO. 12-11592(1)(12) |
| ) | |
| Debtor(s) ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Abandonment and Turnover of Funds filed by Creditor Citizens First Bank ("CFB").  The Court reviewed the Motion of CFB, the Objection of Debtor, Lee H. Purdy ("Debtor"), the Objection of the Trustee, Robert W. Keats ("Trustee"), the Partial Objection of CPC Commodities ("CPC"), the Response of Sunshine Heifers, LLC ("Sunshine") and the comments of counsel for the parties at the hearing held on the matter.  For the following reasons, the Court will grant CFB's Motion and enter the accompanying Order.

## FACTS

On or about March 1, 2013, this Court entered a Memorandum-Opinion (Dkt. #150) following an evidentiary hearing.  In that Opinion this Court held, based upon the evidence presented, that the documents entered into between Debtor and Sunshine constituted a financing transaction, rather than a true lease of the dairy cows covered by the documents.  Furthermore, the Court determined that CFB had a superior perfected security interest in the cows on the Debtor's property.  This finding is based on the Security Agreements executed between CFB and the Debtor on July 3, 2009 and August 19, 2010.  CFB's lien was perfected prior to any UCC-1 Financing Statements filed by Sunshine.  Based upon the Court's findings, it is clear that CFB's security interest has priority over any interest in the dairy cows on Debtor's property claimed by Sunshine.

The March 1, 2013 Opinion also determined that CFB's prior perfected security interest also applied to post-petition milk proceeds based upon the language of CFB's security agreements.

Sunshine elected to appeal this Court's rulings in the March 1, 2013 Opinion with the filing of a Notice of Appeal on March 13, 2013. On March 19, 2013, Sunshine filed a Motion Seeking a Stay Pending Appeal.

On March 21, 2013, following a hearing on CFB's Motion Seeking Relief from the Automatic Stay regarding its collateral, the Court entered an Order terminating the automatic stay as to CFB on its collateral constituting all livestock, farm products, farm equipment, silage and all products and proceeds thereof.

The Court also entered an Order on March 21, 2013 granting Sunshine's Motion to Stay Pending Appeal "on the condition that Sunshine Heifers, LLC of Chandler, AZ post a full cash bond of $100,000, no later than 4:30 p.m. Eastern Time on Friday, March 22, 2013." Sunshine failed to post the bond and the Court then entered the Order on March 29, 2013 denying its Motion to Stay Pending Appeal.

On March 29, 2013, the Court entered an Order granting the Trustee's Motion to Sell the Dairy Cattle on Debtor's Property. The Trustee's Report of Sale indicated that 415 cows were sold and the net sales proceeds totaled $402,353.04.

On May 20, 2013, following a hearing, the Court entered an Order directing Lonestar Milk to turnover all funds constituting milk proceeds of the Debtor's estate into the escrow account of the Trustee.

## **LEGAL ANALYSIS**

The Memorandum-Opinion entered March 13, 2013 determined that CFB's lien on the cows on Debtor's property had priority over any lien of Sunshine in the cattle and the milk proceeds. This is now the law of the case. *Saro v. Brown*, 2001 WL 1178192 (6th Cir. 2001). (Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of the litigation.) Sunshine appealed the Court's findings regarding priority of liens and on the effect of its agreements with Debtor. Sunshine, failed to comply with the Court's Order regarding the posting of a bond as a condition to stay the effect of the Court's ruling. Therefore, there is no stay in effect during the pendency of the appeal. CFB is entitled to turnover of the sale proceeds and the milk proceeds.

CPC contends that it provided feed for the cattle from March 7, 2013 to April 10, 2013 before the cattle were sold on March 29, 2013. CFB paid for the feed deliveries, except for $15,356.01 of feed for deliveries on March 7th and March 15th. CPC has filed a Proof of Claim in this amount. While 11 U.S.C. §506(c) allows the Trustee to a surcharge an amount for reasonable and necessary expenses of preserving a secured creditor's collateral, the Trustee has not filed a Motion seeking such relief. In its Objection to the current Motion before the Court, CPC contends the amount of its claim should be withheld from any turnover of funds to CFB. A creditor or administrative claimant does not have standing to seek a surcharge of a secured creditor's collateral. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000). The Court cannot order that $15,356.01 be retained from any funds turned over to CFB for payment to CPC. As a creditor, CPC lacks standing to pursue such relief.

## **CONCLUSION**

For all of the above reasons, the Motion for Abandonment and Turnover of Citizens First Bank, be and hereby is, **GRANTED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 12, 2013

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

IN RE:                              )
                                    )
    LEE H. PURDY                    )    CASE NO. 12-11592(1)(12)
                                    )
                  Debtor(s)         )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Abandonment and Turnover of Proceeds of the sale of milk and cattle of Creditor Citizens First Bank, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Trustee Robert Keats turnover the proceeds from the sale of the Debtor's milk and cattle to secured Creditor Citizens First Bank.

                                          _____
                                          Joan A. Lloyd
                                          United States Bankruptcy Judge
                                          Dated: September 12, 2013